Ash B. BAKRE, Plaintiff–Appellant,

v.

K. SULEWSKI, Captain,
Defendant–Appellee.

No. 03–40874.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Sept. 28, 2004.

Ash Babtunde Bakre, Huntsville, TX,
pro se.

Cynthia L. Alexander, Austin, TX, for
Defendant–Appellee.

Before DAVIS, SMITH, and DENNIS,
Circuit Judges.

PER CURIAM: *

Ash B. Bakre, Texas inmate # 784509,
appeals the dismissal of his civil rights
suit, filed pursuant to 42 U.S.C. § 1983,
after the jury found for the defendant.
Bakre challenges the district court's evi-
dentiary rulings. Bakre's substantial
rights were not affected by the introduc-
tion of his counsel substitute's notes in lieu
of her live testimony. *See Brunet v. Unit-
ed Gas Pipeline Co.,* 15 F.3d 500, 505 (5th
Cir.1994). Bakre stipulated to the notes in
lieu of live testimony, and the district court
told the jury that the notes represented
what counsel substitute's remarks were at
the disciplinary hearing. Bakre's argu-
ment that the district court unfairly told
the district court about other court cases
lacks merit inasmuch at the district court
referenced those cases outside the pres-
ence of the jury.

Bakre's substantial rights were not af-
fected when his disciplinary record was
shown to the jury. *See Brunet,* 15 F.3d at
505. Evidence of his disciplinary record
until the August 26, 1998, disciplinary
hearing was probative of the appropriate-
ness of the punishment he received after
the August 26, 1998, hearing. *See* FED.
R.EVID. 404(b); *Hart v. Hairston,* 343 F.3d
762, 764 (5th Cir.2003). Evidence of

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Bakre's disciplinary record after the August 26, 1998, was not probative. However, the evidence did not affect Bakre's substantial rights given that the charging officer's report was evidence that Sulewski did not retaliate against Bakre. *See Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995); *see also Hudson v. Johnson,* 242 F.3d 534, 536 (5th Cir.2001).

Bakre's substantial rights were not affected by the district court's ruling on the admissibility of counsel substitute's notes of the April 8, 1998, disciplinary hearing inasmuch as the fairness of that hearing was not at issue. *See Brunet,* 15 F.3d at 505.

Bakre's argument that the jury's verdict was contrary to the law and evidence lacks merit given that the charging officer's report was evidence that Sulewski did not retaliate against Bakre. *See Flowers v. Southern Regional Physician Services, Inc.,* 247 F.3d 229, 238 (5th Cir.2001); *Woods,* 60 F.3d at 1166; *see also, Hudson,* 242 F.3d at 536.

The judgment of the district court is AFFIRMED.